(No. 22068.— ▮▮▮▮▮▮

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER ARBUTHNOT, Plaintiff in Error.

*Opinion filed February 23, 1934—Rehearing denied April 6, 1934.*

FRANK A. McDONNELL, and S. B. McDONNELL, JR., (ELWYN E. LONG, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Plaintiff in error, Elmer Arbuthnot, (otherwise called Adolph Seaman,) and two other men, were indicted on September 21, 1932, for larceny from the person of Joseph A. Brown. The indictment also contained a count charging him and his co-defendants, Frank Fazio, (also known as

Frank Farrell,) and Joseph Battaglia, with larceny. During the trial, on motion of the People, this second count was dismissed. Arbuthnot alone was found guilty. He has sued out a writ of error from this court to review the judgment of conviction in the criminal court of Cook county.

About eight o'clock on the morning of September 12, 1932, Joseph A. Brown was a passenger on a north-bound Halsted street car. As he got to the door to get off the car at Thirty-fifth street someone jostled him. He missed his purse as soon as he had alighted from the car and summoned two police officers at once. He got into their automobile and they followed the street car north to Thirty-third street. Three men got off the car at this point. The officers halted these men, who were Arbuthnot, Fazio and Battaglia. The latter two went into a cigar store. Before Arbuthnot put up his hands in response to the command of one of the police officers he reached into an inside coat pocket and threw an object toward the street. Officer Barcal picked up the object. It proved to be Brown's missing purse, which contained a five-dollar bill and a one-dollar bill. The purse had fallen upon the running-board of a parked automobile when it was thrown by Arbuthnot. Brown failed to identify the defendant Arbuthnot and the other two men at the trial, but both officers testified that Brown pointed out the defendants at the time as the men who had jostled him and picked his pocket. Brown's statement to them was what caused them to make the three arrests.

Errors are assigned as follows: That the judgment and sentence of Arbuthnot were contrary to the law and evidence; incompetent and prejudicial testimony was admitted over the objection of the defendant; erroneous instructions were given at the People's request; the defendant was not proved guilty beyond a reasonable doubt, and the trial court erred in overruling the motions for a new trial and in arrest of judgment.

No objection to testimony, overruled by the court, ·and no incompetent or inadmissible testimony, is pointed out by counsel for plaintiff in error. It would not be necessary, therefore, to search for such matters, but the abstract shows no such ruling of the court during the trial, and we find no immaterial testimony and none that was incompetent.

The eighth and ninth instructions given at the request of the People are objected to. It is urged that by naming Fazio and Battaglia and not naming Arbuthnot these instructions assumed that Arbuthnot stood apart and should be considered separately from the other two defendants. This is said to amount to a virtual invitation to the jury to find the other two defendants not guilty, for the reason that the complaining witness, Brown, made no mention of having seen those defendants in the street car or of ever having seen any of them before. It is next urged that by naming two of the three defendants undue prominence is given those who were named in the instructions, and that the instructions were improper because they were not couched in general language. The further thing assigned as a defect in these two instructions is that no testimony in the case shows a concerted action on the part of the three defendants in the street car and therefore the instructions had no evidence to support them. Except for the name contained, the two instructions are alike. The eighth is as follows:

"The court instructs the jury as a matter of law, that an accessory is he who stands by, and aids, abets or assists, or who, not being present, aiding, abetting or assisting, hath advised, encouraged, aided or abetted the perpetration of the crime. He who thus aids, abets, assists, advises or encourages, shall be considered as principal and punished accordingly. Every accessory, when a crime is committed within or without the State, may be indicted and convicted at the same time as principal, or before or after

his conviction, and whether the principal is convicted or amenable to justice or not, and punished as principal.

"And if the jury find from the evidence, beyond a reasonable doubt, that the defendant Joseph Battaglia did aid, abet, assist, advise or encourage the perpetration of the crime as charged in the indictment, then the jury are justified in finding the defendant guilty."

We are of the opinion that the instructions did not prejudice the plaintiff in error's case so as to warrant a reversal. The prejudice, if any, would be to the two defendants who were named. The instructions presented a theory upon which the two named defendants could have been convicted. The case against the plaintiff in error was presented to the jury only on the theory that he was a principal. The instructions are not subject to criticism merely because they named the two other defendants. They need not be couched in general language, as contended by plaintiff in error. It was necessary and proper to instruct the jury as to the law governing the case of accessories, and there was no prejudice to the plaintiff in error from the giving of such instructions. Instructions must be based upon the theory of the case of the party requesting them and must be supported by the evidence in the case. There was evidence to support these instructions.

Plaintiff in error's contention that the verdict is not supported by the evidence cannot be sustained. We are aware that we have the power to examine the evidence and to reverse the judgment where the whole evidence, when considered, fails to establish guilt beyond a reasonable doubt. We will not set aside a verdict of guilty in a criminal case unless the verdict and judgment are against the weight of the evidence or harmful error has taken place on the trial. *People* v. *Stoneking,* 289 Ill. 308; *People* v. *Coniglio,* 353 id. 643.

We cannot say that the verdict is palpably contrary to the weight of the evidence in this case or that the evi-

dence is so unreasonable, improbable or unsatisfactory as to justify a reversal on that ground. It is the province of the jury to weigh and consider the evidence and determine the weight that should be given to the testimony of the respective witnesses. In this case the plaintiff in error was apprehended within a few minutes after the larceny had occurred. Officers Barcal and Matthews testified that Brown pointed out plaintiff in error as the man who took his pocket-book, and we cannot say that the jury was unreasonable in believing the evidence that he threw the pocket-book away under such circumstances. The evidence as a whole was sufficient to warrant the verdict, and this court will not substitute its judgment for that of the jury in determining the credibility of witnesses. *People* v. *Greenig,* 342 Ill. 254; *People* v. *Barber,* 342 id. 185.

The judgment of the trial court is affirmed.

*Judgment affirmed.*