(No. 27015.—

The People of the State of Illinois, Defendant in Error, *vs.* Ernest Holub, Plaintiff in Error.

*Opinion filed March 16, 1943—Rehearing denied May 14, 1943.*

JAMES M. BURKE, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

Plaintiff in error was indicted by the grand jury of Cook county for the crime of bribery. The specific charge was that while he was a member of the board of education of school district No. 98 in the town of Berwyn, he accepted a bribe from an applicant for a position as teacher in said school, for the purpose of influencing his official action.

Upon a trial before the court without a jury, he was found guilty and sentenced to the penitentiary for an indefinite term of from one to five years. To review that judgment he has sued out the writ of error in this case.

The sole question raised by plaintiff in error is the sufficiency of the evidence to support the judgment. It is argued that the court erred in finding him guilty; that the evidence preponderates in his favor and that his guilt was

not established beyond a reasonable doubt. The question raised makes it necessary to review, at some length, the evidence in the case.

The only witness offered by the State in the trial of the cause was Vera Prochaska. She testified, in substance, that she first met plaintiff in error in the month of November, 1939. Prior to that time she had filed her application for a position as teacher in the public schools of district No. 98, in the town of Berwyn. Plaintiff in error was a member of the school board. He was also a member of the administrative committee. This committee was composed of three members of the board. The committee decided who would be employed as teachers. She further testified that sometime during the latter half of November, 1939, she was interviewed by plaintiff in error at his request, presumably for the purpose of determining her qualifications, personality and training for such position. She further testified that shortly before Christmas in 1939, she again called at the home of plaintiff in error, at his request, and discussed with him the probable action of the board relative to her application; that at that interview she told him that she was in need of the position and exhibited anxiety as to whether she would be employed; that he told her on that occasion that it was customary for teachers who were employed to pay $150 to be distributed between the three members constituting the administrative committee, who made the final decisions as to the employment of teachers; that after some further discussion she agreed to make the payment; that she paid to him at that time $50 in currency; that in response to her question as to when she could commence teaching, he told her it would be the day after New Year's; that she then promised to pay him the additional $100 before New Year's. She further testified that "about two days before New Year's" she again called at his home and paid him the additional $100. Following this she was notified she had been employed as a

teacher and was to commence her duties as such on January 2. This was all the evidence offered on behalf of the State.

While plaintiff in error admitted various interviews with Vera Prochaska relative to her application for a position as teacher, he positively denied having accepted money from her at any time. The only other evidence offered by plaintiff in error was the testimony of two of his brothers, his sister and his brother-in-law. The substance of the testimony of these witnesses is that they were at the home of plaintiff in error on the evening of December 28, 1939, the occasion being a dinner in honor of his mother's birthday. These witnesses all testified that Vera Prochaska was not at the home of plaintiff in error on that evening. The mother was called as a witness, but she was not interrogated as to whether she saw Vera Prochaska at the home of plaintiff in error on that occasion. It may be noted also, that one of the brothers testified that he did not arrive at the home of plaintiff in error until sometime after the time Vera Prochaska testified she was there and paid the $100 to plaintiff in error. Other witnesses called by plaintiff in error testified only as to his good reputation for truth and veracity.

It is argued by plaintiff in error that the testimony of the members of his family, as above noted, was sufficient to show that Vera Prochaska was not at his home on the evening of December 28, 1939; that he is thus corroborated and her testimony is disputed; that the testimony in the record, therefore, preponderates in his favor, and that the court erred in accepting her testimony as against all the other evidence in the record.

The rule is settled that the credibility of witnesses in a case tried before the court and the determination of the weight to be accorded to their testimony, is for the trial court. The trial judge who saw and heard the witnesses testify has an opportunity to observe their conduct and

demeanor while testifying and is, therefore, in a better position to weigh their testimony than is a reviewing court. Where the evidence is merely conflicting this court will not substitute its judgment for that of the jury or the trial court. *People* v. *Bolger,* 359 Ill. 58; *People* v. *Fortino,* 356 id. 415; *People* v. *Mangano,* id. 178; *People* v. *Arbuthnot,* 355 Ill. 577; *People* v. *McPheron,* 354 id. 381; *People* v. *Herbert,* 340 id. 320; *People* v. *Yates,* 339 id. 421; *People* v. *Martin,* 304 id. 494.

Moreover, the evidence tending to corroborate plaintiff in error is limited to the sole question as to whether Vera Prochaska called at the home of plaintiff in error on December 28, 1939. While it is true that in one or two instances in her cross-examination she fixed the date of this visit as of December 28, 1939, still from a reading of her entire testimony, both the examination in chief and the cross-examination, it clearly appears that she did not definitely fix December 28 as the date of this visit. She testified repeatedly that the date of this visit was "about two days before New Year's." The date of this visit was so fixed throughout her testimony in chief and throughout her cross-examination, except that in one or two answers, evidently induced by the form of the questions propounded, she referred to the date as December 28. From a reading of her entire testimony in the record, it is clear that she did not intend to definitely fix December 28 as the date of this visit. Clearly, she did not intend to definitely state that this transaction occurred on that specific date. In this situation there is no corroboration of plaintiff in error in the record. The decision of the case, therefore, depends solely on the testimony of plaintiff in error and the prosecuting witness. In this view of the record we cannot say that his testimony should have been given greater weight, or that the testimony in the record preponderates in his favor. There is nothing, therefore, in the record, except a denial by plaintiff in error, tending to show that her testi-

mony was not true. It was given in a straightforward and convincing manner. The nature of the offense charged was such that it could hardly be expected that evidence corroborating the prosecuting witness could ordinarily be produced. In this state of the record the determination of the case is dependent upon the credibility and the weight to be given the testimony of the prosecuting witness and plaintiff in error.

As already observed, it is the province of the trial court to determine the weight of the evidence. No reason appears from the record why this court should substitute its judgment for that of the trial court. The trial court was in a better position to judge the credibility of the prosecuting witness and the plaintiff in error. He had the opportunity to see and observe them testify, their appearance and demeanor on the witness stand, and to reach a correct conclusion as to the weight to be given to their testimony. It is our opinion that the judgment of the trial court, accepting the testimony of the prosecuting witness, was amply justified and that the court did not err in finding plaintiff in error guilty upon the evidence in the record, as charged in the indictment.

However, the court, in sentencing plaintiff in error, included in the judgment a recommendation that the minimum and maximum limits or the duration of imprisonment should be one year, in accordance with the statute which was then in force. That statute, however, was held invalid by this court in the case of *People* v. *Montana,* 380 Ill. 596. It was therefore error for the court to include in the judgment the recommendation as to the maximum and minimum limits of the term of the imprisonment.

The judgment is reversed and the cause is remanded to the criminal court of Cook county, with directions to enter a proper sentence.

*Reversed and remanded, with directions.*